## In the Matter of Raymond F. FAIRCHILD.

### No. 49S00–0505–DI–211.

Supreme Court of Indiana.

June 16, 2005.

### ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** Respondent is at the end of two years of probation, which followed a six month suspension, imposed by this Court in *Matter of Fairchild*, 777 N.E.2d 726 (Ind.2002). The present proceeding raises two additional allegations of misconduct that occurred at or about the time of the misconduct that led to respondent's suspension and probation.

In Count I, respondent failed to respond to discovery requests in a medical malpractice case. Upon being compelled to reply, respondent provided the client's original documents. Respondent never submitted any evidence on behalf of the client to the medical review panel, so the defendant moved to dismiss. Respondent failed to appear for the hearing on the motion to dismiss and it was granted. Throughout the representation respondent was not responsive to the client's inquiries and after dismissal of the case failed to comply with the client's request for the return of his documents for more than one year.

In Count II, respondent failed to respond to interrogatories in a worker's compensation case and following an order compelling answers, still failed to respond. Ultimately the case was dismissed. The client's attempts to contact respondent were also unsuccessful.

**Violations:** By his conduct respondent violated Ind. Professional Conduct Rule 1.1, which requires a lawyer to provide competent representation; Prof.Cond.R. 1.3, which requires a lawyer to act with diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client adequately informed; and Prof.Cond.R. 1.16(d), which requires a lawyer to return client papers requested by the client within a reasonable time.

**Discipline:** Extension of respondent's probation for two years commencing on the date of this order pursuant to the attached terms.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

SHEPARD, C.J. and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., votes to disapprove the agreement, believing the penalty is too lenient.

### TERMS OF PROBATION

The terms of respondent's extended probation are as follows:

1) Respondent's extended term of probation will begin on the date the Supreme Court accepts the terms of this Conditional Agreement by opinion or order and his extended probation will run for two years thereafter.

2) During the extended term of his probation, respondent shall continue to comply with all of the terms of the Monitoring Contract that he previously entered into with the Indiana Judges and Lawyer's Assistance Program ("JLAP"). Respondent's obligations under that Monitoring Contract are specifically incorporated herein as terms of respondent's extended probation under this Conditional Agreement as if he had signed a new monitoring contract incorporating all of the terms of the previous one, and respondent's breech of any of the terms of the Monitoring Contract will be sufficient grounds to revoke his extended probation.

3) Respondent shall continue to attend regularly monthly depression support group meetings as recommended by JLAP.

4) Respondent hereby consents to the release to the Disciplinary Commission of any and all records relating to any treatment respondent receives during the period of his extended probation and relating to his monitoring under the Monitoring Contract. This consent will be revoked if respondent successfully completes his period of extended probation.

5) Respondent shall pay all costs pertaining to his treatment and monitoring.

6) Respondent shall continue to utilize computer systems and software to keep current on active cases.

7) Respondent shall carry one or more policies of attorneys' professional liability insurance that insures respondent in an amount for each claim, in excess of any insurance deductible or deductibles, of fifty thousand dollars ($50,000) and in an amount of one hundred thousand dollars ($100,000) in excess of any insurance de-

ductible or deductibles for all claims during the policy year.

8) Respondent shall agree that the insurance company or companies that provide his professional liability insurance shall notify the Disciplinary Commission of all claims filed against him and share all information regarding any such claims with the Disciplinary Commission.

9) Respondent shall, on a quarterly basis, provide evidence to the Disciplinary Commission that he is in compliance with sections 7 and 8 above.

10) Respondent shall pay all costs pertaining to his professional liability insurance.

11) If respondent is unable to obtain professional liability insurance on the foregoing terms then he shall provide the Disciplinary Commission with proof, in writing, of his application for attorneys professional liability insurance on the foregoing terms and the rejection of respondent's application. Thereafter, respondent shall notify each client that employs him during this extended probation period that respondent does not carry attorneys professional liability insurance.

12) Respondent shall comply in all respects with his obligations, duties and responsibilities under the Indiana Rules of Professional Conduct for Attorneys at Law.

13) Respondent shall report to the Disciplinary Commission any changes in his business or home address or employment or telephone number within fourteen (14) days of the change.

14) Respondent shall be responsible for any other costs arising from his extended probation.

15) Respondent shall immediately report to the Disciplinary Commission any failure by him to comply with the terms of his extended probation. Such report is to be made in writing within fourteen days of the compliance failure and must specifically identify the type and circumstance of his failure to comply with the terms of his extended probation.

16) In addition to the foregoing, if the Disciplinary Commission determines that there is good reason to believe that respondent is disabled within the contemplation of Indiana Admission and Discipline Rule 23, Section 25, then it may bring a proceeding under that Rule to determine respondent's disability and any information provided to the Disciplinary Commission, JLAP or the Monitor pursuant to the Monitoring Contract may be admitted into evidence in that proceeding.

17) Should respondent successfully conclude his term of extended probation, he shall automatically be reinstated fully to the practice of law in this state.

18) In the event it is established pursuant to Indiana Admission and Discipline Rule 23, Section 17.2 that respondent has violated the terms of his extended probation, however, then the stay of the second six months of his suspension will be vacated and respondent shall serve the second six months of his suspension, without automatic reinstatement to the practice of law in Indiana. If respondent is required to serve the second six months of his suspension, then his reinstatement to the practice of law in Indiana will be subject to the procedures for reinstatement found in Indiana Admission and Discipline Rule 23, Sections 4 and 18. Any period of suspension imposed as a result of revoking respondent's probation will be in addition to any other sanction that may be imposed on respondent, including, without limitation, a determination of disability pursuant to Indiana Admission and Discipline Rule 23, Section 25.